**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------
PETER LaROCCO,

                Plaintiff,

            v.

JIM HINSTON, Supervisor; ALLISON, Kitchen Manager; MAXWELL,

                Defendants.

12-CV-978
(MAD/DRH)

------------------------------------------------------------

**APPEARANCES:**

PETER LaROCCO
Plaintiff pro se
410 Canoe Hill Road
Saugerties, New York 12477

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER

On June 15, 2012, plaintiff pro se Peter LaRocco filed the instant complaint contending employment discrimination pursuant to 42 U.S.C. §§ 2000e, et seq. Dkt. No. 1. On June 20, 2012, the Court granted LaRocco's motion to proceed in forma pauperis. Dkt. No. 4. In conjunction with that order, the Court directed the Clerk to issue summonses which the United States Marshall would then serve upon defendants. Id. On June 21, 2012, summonses were issued; however, service was unexecuted. Dkt. Nos. 5-7. On October 24, 2012, the Court issued an order directing LaRocco to provide the Court with new addresses for the named defendants so that the United States Marshall could effect service. Dkt. Entry dated 10/24/2012. However, it appears from the docket that defendants have never been served with process or otherwise appeared in the action.

Pursuant to this Court's Text Order dated 10/24/2012, LaRocco was granted an extension of time to complete service of the complaint on or before December 7, 2012. LaRocco has not only failed to file the requested information with this Court, he has failed to have any communications with the Court since the filing of his complaint in June of 2012.

Pursuant to Fed. R. Civ. P. 4(m), service of process upon defendants was not completed within the 120 days allowed by Rule 4(m) and the complaint should be dismissed without prejudice for that reason. Id.; see also N.D.N.Y.L.R. 4.1(b). Moreover, LaRocco failed to comply with the Court's Text Order to provide defendants' addresses to effect service within the extension of time granted to LaRocco by the Court. In addition, it is noted that Local Rule 41.2(a) of this District provides that the failure of a plaintiff to take any action in a case for four (4) months shall be presumptive evidence of lack of prosecution. N.D.N.Y.L.R. 41.2(a); see also Fed. R. Civ. P. 41(b) (actions may be dismissed for failure of plaintiff to prosecute). Moreover, the pro se handbook, of which LaRocco acknowledged receipt (Dkt. No. 3), also explains that failure to prosecute can occur "if a plaintiff fails to serve the summons and complaint on the defendant . . . [or] fails to comply with a Court order," resulting in dismissal of plaintiff's case. UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF NEW YORK, PRO SE HANDBOOK 40 (2012), www.nynd.uscourts.gov/documents/Pro_Se_Handbook_2012_civ-hyperlinked-7-6-12revision.pdf.

**WHEREFORE**, it is hereby

**RECOMMENDED** that if this action be dismissed for a failure to prosecute the case by failing to complete service of process upon defendants and comply with a court order;

and it is further

**ORDERED** that the Clerk serve a copy of this Order on LaRocco by regular mail and certified mail return receipt requested.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Secretary of Health and Human Services, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: January 22, 2013
       Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge